## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>801 Market Street, Suite 1300<br>Philadelphia, PA 19107<br><br>Plaintiff,<br><br>v.<br><br>HALF SHELL INN, INC. d/b/a ROTTEN RALPH'S RESTAURANT<br>226 Market Street<br>Philadelphia, PA 19106<br><br>Defendant. | CIVIL ACTION NO.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Tia Rollins. As set forth with greater particularity below, the Equal Employment Opportunity Commission alleges that Defendant, Half Shell Inn, Inc. d/b/a Rotten Ralph's Restaurant, violated Title VII by failing to accommodate Rollins religious belief and by terminating her because of her religion, Muslim.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

**PARTIES**

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, Half Shell Inn, Inc. d/b/a Rotten Ralph's Restaurant (the "Employer"), has continuously been a corporation doing business in the Commonwealth of Pennsylvania and the City of Philadelphia, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

**ADMINISTRATIVE PROCEDURES**

6. More than thirty days prior to the institution of this lawsuit, Tia Rollins filed a charge with the Commission alleging violations of Title VII by Defendant Employer.

7. On September 30, 2014, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. On April 1, 2015, the Commission issued to Defendant Employer a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

10. On or about July 9, 2013, Defendant Employer engaged in unlawful employment practices, in violation of Section 703 of Title VII, 42 U.S.C. 2000(e)-2.

    (a) Rollins is Muslim and wears a head scarf, or khimar, in accordance with her religious beliefs. Importantly, she must wear a khimar during the month of Ramadan, which in 2013 was July 8, 2013 through August 7, 2013.

    (b) In July 2013, Rollins applied for employment with Defendant Employer for a server position. On or around July 3, 2013 she was interviewed and hired by General Manager Sharwin Coates. While she was not wearing her khimar during her interview, Rollins expressed to Defendant Employer that she did not wear revealing clothing and covered her hair because of her religion.

    (c) At no time during her interview or thereafter did Defendant Employer provide or communicate a policy that prohibited Rollins from wearing her khimar.

    (d) Rollins worked approximately three or four shifts without incident. At all times when she was working at Defendant Employer, Rollins wore her khimar.

    (e) On the July 9, 2013, Rollins worked with Coates for the first time since her interview. Coates expressed outrage at Rollins wearing a khimar.

    (f) Rollins informed Defendant Employer that she wore the khimar for religious reasons and would need to wear it while working, therein requesting an accommodation.

    (g) Defendant refused her request to wear her khimar at work.

    (h) Defendant Employer also stated that employees could not wear "hoodies" at work and therefore Rollins' khimar was impermissible.

(i) Defendant Employer failed to accommodate Rollins by not making an exception to Defendant Employer's alleged "no hoodie" policy.

(j) Defendant Employer terminated Rollins that evening.

(k) These actions constitute discrimination against Rollins on the basis of religion.

11. The effect of the practices complained of in paragraphs 10(a)-(k) above has been to deprive Tia Rollins of equal employment opportunities and otherwise adversely affect her status as an employee, because of her religion.

12. The unlawful employment practices complained of in paragraphs 10(a)-(k) above were intentional.

13. The unlawful employment practices complained of in paragraphs 10(a)-(k) above were done with malice or with reckless indifference to the federally protected rights of Rollins.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of religion.

B.  Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for applicants and employees who need a religious accommodation and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant Employer to make whole Tia Rollins, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make whole Tia Rollins by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 10(a)-(k) above, including job search expenses, in amounts to be determined at trial.

E. Order Defendant Employer to make whole Tia Rollins by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 10(a)-(k) above, including emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, embarrassment, and inconvenience, in amounts to be determined at trial.

I. Order Defendant Employer to pay Tia Rollins punitive damages for its malicious and reckless conduct, as described in paragraphs 10(a)-(k) above, in amounts to be determined at trial.

J. Grant such further relief as the Court deems necessary and proper in the public interest.

K. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

GWENDOLYN REAMS
Associate General Counsel

*/s/ Debra Lawrence*
DEBRA LAWRENCE
Regional Attorney

*/s/ Maria Luisa Morocco*
MARIA LUISA MOROCCO
Supervisory Trial Attorney

*/s/ Jennifer L. Hope*
JENNIFER L. HOPE
TRIAL ATTORNEY

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107
(215) 440-2841 (phone)
(215) 440-2848 (fax)
jennifer.hope@eeoc.gov